UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RAFAEL GONZALEZ,<br><br>        Plaintiff,<br><br>   v.<br><br>CITY OF FIFE, WASHINGTON,<br><br>        Defendant. | Case No. C07-5278 RJB<br><br>ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

    This matter comes before the court on defendant's Motion for Summary Judgment (Dkt. 15). The court has considered the relevant documents and the remainder of the file herein.

SUMMARY JUDGMENT STANDARD

    Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e).

ORDER
Page - 1

DISCUSSION

**1. Wash. Rev. Code 70.48.390**

Pursuant to RCW 70.48.390, cities, counties, and regional jails may collect "the jail's actual booking costs or one hundred dollars, whichever is less" from each person booked into jail. Wash. Rev. Code 70.48.390. The fee is payable "immediately from any money then possessed by the person being booked." *Id.* The statute allows booking fees to be collected from an inmate at the time of booking. The jail may collect actual booking costs or one hundred dollars, whichever is less. *Id.* If the person being booked does not have adequate funds to cover the charge, the remainder of the $100 is assessed to their account. *Id.* The statute does not provide for a pre-deprivation hearing. A person may receive a refund if he provides proof of acquittal or dismissal of charges. *Id.*

**2. Legal Standard**

The Fourteenth Amendment guarantees that a person is entitled to due process of the law where he stands to be deprived of life, liberty, or property by the government. U.S. CONST. amend. XIV. The Fifth Amendment provides that "[n]o person shall be...deprived of life, liberty, or property, without due process of the law; nor shall private property be taken for public use, without just compensation." U.S. CONST. amend. V. The Supreme Court has set forth three factors that help determine whether an individual has received due process: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3), the Government's interest, including the function involved and the fiscal and administrative burdens, that the additional or substitute procedural requirement would entail. *Mathews v. Eldridge*, 424 U.S. 319, 335, 96 S. Ct. 893, 903, 47 L. Ed. 2d. 18 (1976).

**3. Facial Constitutionality of Wash. Rev. Code 70.48.360**

There are issues of law regarding the facial constitutionality of Wash. Rev. Code 70.48.360 that preclude summary judgment at this time. The plaintiff argues that Wash. Rev. Code 70.48.360 is unconstitutional on its face because "it allows City of Fife to deprive the Plaintiff, and other similarly situated, of their property without due process of law...". Dkt. 36 at 8. The defendant argues that the plaintiff's cited case law on this point, *Huss v. Spokane County*, 464 F.Supp.2d 1056, 1063 (2006), has been reversed and is not correct authority regarding facial constitutionality of this statute. Dkt. 28 at 9.

The defendant does not otherwise address facial constitutionality of the statute in its motion.

**4. Constitutionality of Wash. Rev. Code 70.48.360 as Applied**

There are issues of law regarding the constitutionality of Wash. Rev. Code 70.48.360 as it is applied that preclude summary judgment at this time. The plaintiff has raised three arguments that raise issues of law regarding whether the statute deprives persons of their property without due process of law. Dkt. 36 at 12-17. First, the plaintiff argues that an individual's property interest in his money is a substantial private right. Dkt. 36 at 12. Second, the plaintiff argues that the statute and City of Fife's booking fee policy deprives individuals of property without due process, and the risk of erroneous deprivation is great because there is no guarantee that the funds will be returned. Dkt. 36 at 14-15. Third, the plaintiff argues that the State's fiscal interest in immediately collecting booking fees is less important than ensuring constitutionality of the process, which can be accomplished by waiting to collect the fee until a finding of guilt has been established. Dkt. 36 at 17.

The defendant asserts that the booking fee was not unconstitutional because (1) Gonzalez did not have a strong liberty interest in his funds; (2) the risk of erroneous deprivation is minimal because of refund procedures; and (3) the City would be burdened by waiting until conviction to assess the fee, due to low collection rates. Dkt. 15 at 11.

In light of the parties' arguments, there remain questions of law regarding the constitutionality of RCW 70.48.390. Because the defendant has not shown that it is entitled to judgment as a matter of law at this time, the defendant's motion for summary judgment should be denied.

Therefore, it is hereby

**ORDERED** that the defendant's Motion for Summary Judgment is **DENIED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 13th day of March, 2008.

ROBERT J. BRYAN
United States District Judge