UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAFAEL GONZALEZ,

          Plaintiff,

     v.

CITY OF FIFE, WASHINGTON,

          Defendant.

Case No. C07-5278 RJB

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO STRIKE

This matter comes before the Court on Defendant's Motion for Summary Judgment (Dkt. 45) and Plaintiff's Motions to Strike (Dkt. 46). The Court has considered the pleading filed in support of and in opposition to the motions and the remainder of the file herein.

I. PROCEDURAL BACKGROUND

On June 5, 2007, Plaintiff Rafael Gonzalez ("Plaintiff") filed a complaint individually and on behalf of a class of others similarly situated, under 42 U.S.C. §§ 1983 and 1988, for violations of civil rights guaranteed by the Fifth and Fourteenth Amendments of the U.S. Constitution. Dkt. 1, ¶ 1. Plaintiff alleges that Defendant City of Fife's ("Defendant") official jail booking fee policy deprives individuals of their property without due process of law and that RCW 70.48.390 is facially unconstitutional. *Id*. Plaintiff also alleges that Defendant took his property without just compensation. *Id*. ¶¶ 37, 45.

ORDER
Page - 1

On December 20, 2007, Defendant filed a Motion for Summary Judgment asking the Court to dismiss all of Plaintiff's claims. Dkt. 15 at 23. Defendant, however, attempted to reduce Plaintiff's complaint to one issue: "The only question before the Court is whether the assessment of a booking fee violated [Plaintiff's] right to procedural due process." *Id*. at 10. On March 13, 2008, the Court issued an Order Denying Defendant's Motion for Summary Judgment on the basis that Defendant had failed to show that it was entitled to summary judgment as a matter of law. Dkt. 42.

On March 19, 2008, Defendant filed a Motion for Reconsideration on the Order Denying Defendant's Motion for Summary Judgment (Dkt. 42). Dkt. 43. On March 20, 2008, the Court issued an Order Denying Defendant's Motion for Reconsideration and stated that:

> The court hopes that, when necessary discovery is completed, and preliminary skirmishing has ended, the matter will be presented to the court by cross-motions for summary judgment, with full briefing and perhaps oral argument so that the court can do the right thing under the law after full consideration of the entire matter.

Dkt. 44 at 2.

On May 15, 2008, Defendant filed a second Motion for Summary Judgment. Dkt. 45. As before, Defendant narrowed Plaintiff's complaint to the single issue of Plaintiff being "deprived of procedural due process by operation of RCW 70.48.390 . . . ." *Id*. at 1. On June 2, 2008, Plaintiff responded, arguing violations of substantive due process, procedural due process, and unlawful taking of private property without just compensation. Dkt. 46 at 8-21. Plaintiff also included multiple motions to strike material that Defendant referenced in its motion. *Id*. at 5-8. On June 6, 2008, Defendant replied. Dkt. 48.

## II. STATUTORY BACKGROUND

The Washington Statute on booking fees states that:

> A governing unit may require that each person who is booked at a city, county, or regional jail pay a fee based on the jail's actual booking costs or one hundred dollars, whichever is less, to the sheriff's department of the county or police chief of the city in which the jail is located. The fee is payable immediately from any money then possessed by the person being booked, or any money deposited with the sheriff's department or city jail administration on the person's behalf. If the person has no funds at the time of booking or during the period of incarceration, the sheriff or police chief may notify the court in the county or city where the charges related to the booking are pending, and may request the assessment of the fee. Unless the person is held on other criminal matters, if the person is not charged, is acquitted, or if all charges are dismissed, the sheriff or police chief shall return the fee to the person at the last known address listed in the booking records.

1  RCW 70.48.390.

2  The Washington statute that defines the phrase "governing unit" states that:

3  "Governing unit" means the city and/or county or any combinations of cities and/or
4  counties responsible for the operation, supervision, and maintenance of a jail.

5  RCW 70.48.020.

6  Defendant claims that, while considering the booking fee statute, the Washington legislature was

7  concerned with the financial burden posed by government criminal justice systems. Dkt. 15 at 3-4. In fact,

8  testimony in support of the legislation included the following:

9  In this time of budgetary constraints and low tax revenue, law enforcement departments feel
   it is time to place increased accountability on the individuals committing crimes in our
10 community . . . This bill will allow counties to reallocate funding to other areas of its' [sic]
   community.
11

12 Declaration of Andrew Cooley ("Cooley Decl."), dkt. 16, exh. I (Washington House Bill Report). The

13 enacted statute, however, reaches beyond "individuals committing crimes" and encompasses individuals

14 that are arrested, not all of whom are criminals.

15  As an enabling statute, the first three sentences of RCW 70.48.390 allow cities and counties to

16 adopt a booking fee program. *See above*. Those portions of the statute have no force or effect unless a

17 governing unit takes action under the authority proscribed by the statute. *Id*. Moreover, the statute does

18 not restrict a governing unit that chooses to adopt a booking fee program from providing procedural

19 safeguards in the implementation of that program.

20  Finally, the last sentence of RCW 70.48.390 is mandatory. If a governing unit adopts a booking fee

21 program under the statute, the fee *must* be returned to the person's last known address if the person is not

22 charged, acquitted, or if charges are dismissed. *See above*. The statute does not allow police chiefs,

23 sheriffs, or jail personnel to mandate additional conditions on the return of any funds collected as a result

24 of the assessment of a booking fee.

25

26                              III.  FACTUAL BACKGROUND

27  On November 12, 2005, a Federal Way Police Officer arrested Plaintiff for soliciting a prostitute.

28 Declaration of Rafael Gonzalez ("Gonzalez Decl."), dkt. 24 at 1. The officer transported Plaintiff to the

ORDER
Page - 3

City of Fife's jail. *Id*. at 2. At time of his arrest, Plaintiff had $47 in his wallet. *Id*. Plaintiff was released the next day and, at that time, the jail personnel provided Plaintiff with a Booking Fee Statement. *Id*., exh. A (Dkt. 24-2). On that statement, Plaintiff was informed that: "Pursuant to the authority provided to Municipal Jails in RCW 70.48.390, the City of Fife requires that $100.00 be collected from each person booked into the City of Fife Municipal Jail facility." *Id*. The jail personnel took the $47 in Plaintiff's wallet and applied it toward his booking fee. *Id*. Plaintiff then left the jail. Gonzalez Decl. at 2. On November 21, 2005, Plaintiff paid his outstanding booking fee balance of $53. Dkt. 24-3.

Plaintiff claims that the $47 taken by the jail personnel was all the money that he had with him that night. *Id*. at 2. Plaintiff also claims that, after being released, he was "reduced to begging for bus fare just to get home." *Id*. at 2-3. Based on the Booking Statement, Plaintiff's address at that time of the arrest was in Seattle, WA. Dkt. 24-2.

There is nothing in the record that shows that the Fife "governing unit" has ever adopted an ordinance or taken other action to implement the booking fee statute. The record is silent as to what procedures, if any, have been adopted, or how the maximum $100 fee was determined.

Apparently, the Fife Police Department has implemented an administrative procedure to return improperly collected booking fees. *See* dkt. 24-2 (Booking Fee Statement); *see also* dkt. 24-5 (Booking Fee Refund Request)(for ease of reference, these two forms are attached to this order). That procedure, however, requires that the individual, who was arrested and paid any money toward his or her booking fee, take affirmative actions in order to be reimbursed by Defendant. *See id*. For example, the booking fee statement states that: "YOU MUST PROVIDE COPIES OF COURT OR PROSECUTION DOCUMENTS THAT CONFIRM YOU WERE NOT CHARGED OR WERE ACQUITTED OF ALL CHARGES TO OBTAIN A RETURN OF YOUR FEE." Dkt. 24-2. There are no instructions on how to obtain documents that confirm that the person was not charged.[1] Moreover, the booking fee refund request form states:

> PLEASE NOTE: You must show your ***ORIGINAL*** dismissal document (the pink copy) issued by the Court of the jurisdiction in which your charges were filed to a

---

[1] The Washington statute regarding criminal Limitation of Actions states that prosecution for criminal offenses shall not be commenced after certain periods of time have passed since the commission of the crime. *See* RCW 9A.04.080. The limitation of action period depends on the crime and varies from no limitation period to one year after the commission of a misdemeanor crimes. *Id*.

ORDER
Page - 4

1
2
    Corrections Officer or the secretary. A photocopy of the dismissal will be made and attached to this form. **No refund will be made without documented proof of dismissal of charges.**

3 Dkt. 24-5 (emphasis in original). The origin of the "no refund" provision is unclear.

4     In this case, the charges against Plaintiff were eventually dismissed. Gonzalez Decl. at 3. Plaintiff

5 attempted to recover both the $47 that was confiscated the night of his arrest and the additional $53 that

6 Plaintiff later paid to cover the entire $100 booking fee. Dkt. 24-5. Plaintiff claims that the City of Fife

7 has not refunded his money. Gonzalez Decl. at 4.

8

9                                                IV.  <u>DISCUSSION</u>

10 **A.      Plaintiff's Motions to Strike**

11     Plaintiff has moved to strike four documents filed in support of Defendant's Motion for Summary

12
13 Judgment, all references to a specific case, and all references to aspects of Plaintiff's criminal record. Dkt. 46 at 5-8.

14

15         **1.      Declaration of Judge Kevin Ringus**

16     Plaintiff has moved to strike the Declaration of Kevin Ringus (Dkt. 21) on the basis that it is

17 inadmissable hearsay. Dkt. 46 at 5. Judge Ringus claims that he is the presiding judge for the City of Fife

18 Municipal Court. Dkt. 21, ¶ 1. In his declaration, Judge Ringus explains the criminal procedure of

19 municipal courts in Washington. *Id*. ¶¶ 2-10. Judge Ringus also states that Plaintiff was arrested without a

20 neutral magistrate's finding of probable cause for the arrest. *Id*. ¶ 13. Within 48 hours of the arrest, a

21 municipal court judge found that the facts attested to by the arresting officer were sufficient to establish

22 that probable cause existed for the warrantless arrest of Plaintiff. *Id*. ¶ 14. The last two facts are matters

23 of public record and the Court may take judicial notice of them. *See* Fed. R. Evid. 201. The remainder of

24 Judge Ringus' declaration is irrelevant to the determination of this motion and is not prejudicial to Plaintiff.

25 The Court has not considered it in deciding the motion for summary judgment. Therefore, the Court

26 should deny Plaintiff's motion.

27

28         **2.      Declaration of Dannette Crow**

Plaintiff has moved to strike the Declaration of Dannette Crow (Dkt. 20) on the basis that it is irrelevant. Dkt. 46 at 5. In her declaration, Ms. Crow attests to the facts surrounding the towing of Plaintiff's car the night of his arrest. *See* dkt. 20. This information is irrelevant to this motion and is not prejudicial to Plaintiff. The Court has not considered it in deciding the motion for summary judgment. Therefore, the Court should deny Plaintiff's motion to strike.

### 3. Declaration of Steve Worthington and Declaration of Brad Blackburn

Plaintiff has moved to strike the Declaration of Steve Worthington (Dkt. 18) and the Declaration of Brad Blackburn (Dkt. 19) on the basis that they are inadmissable hearsay. Dkt. 45 at 5-6. These declarations provide general background information. Plaintiff has failed to show that either of these assertions are inadmissible hearsay. Therefore, the Court should deny Plaintiff's motions to strike the declarations of Mr. Worthington and Mr. Blackburn.

### 4. The case of *Huss*

Plaintiff has "objected to all references in the defendant's [summary judgment] brief as to what Plaintiffs and Defendants argued in [*Huss v. Spokane County*, Eastern District of Washington, Case No. 05-00180]." Dkt. 45 at 6-7. In *Huss*, the court initially held that RCW 70.48.390 was "unconstitutional in that [it] deprive[s] person[s] of their property without due process of law in violation of the Fourteenth Amendment." *Huss*, dkt. 75 at 15 (Order Granting Plaintiff's Motion for Partial Summary Judgment). The court later withdrew that order after a reconsideration of plaintiff's standing to bring suit for declaratory or injunctive relief. *See Huss*, dkt. 117.

Plaintiff has failed to establish why this Court should ignore information obtained from the public docket of another federal court. Therefore, the should overrule Plaintiff's objection.

### 5. Plaintiff's criminal record

Plaintiff has objected to all references to his criminal record and the seriousness of his prior offenses. Dkt. 46 at 7. Plaintiff's criminal record is immaterial to the consideration of the alleged Constitutional violations in this case and the Court has not considered it. The gratuitous reference appears

to be nothing more than an attempt to prejudice the Court and should be stricken.

### B.  Defendant's Motion for Summary Judgment

As an initial matter, the parties have created unnecessary confusion regarding the Plaintiff's claims and the grounds for summary judgment. They seem to have entered the fray, arguments blazing, while ignoring the initial framework created by the complaint. In his complaint, Plaintiff alleges three Constitutional violations: 1) taking of private property by the government without just compensation; 2) a substantive due process violation (a state law that is facially invalid under the U.S. Constitution); and 3) a procedural due process violation. *See* dkt. 1 ¶¶ 1, 35-48. As a result of those alleged violations, Plaintiff request two types of relief: 1) declaratory and injunctive relief, and 2) monetary damages. *Id.* ¶¶ 50-54.

On the other hand, Defendant has moved this Court to dismiss Plaintiff's complaint in its entirety but has concentrated almost exclusively on procedural due process arguments. *See* Dkt. 45 at 8-17. Plaintiff responded with both due process and takings arguments. *See* Dkt. 46 at 8-21.

This opinion will apply the parties' arguments to Plaintiff's claims and requests for relief.

#### 1.  Summary Judgment Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).

This summary judgment is not about disputed facts. Instead, Defendant claims that it is entitled to judgment as a matter of law.

#### 2.  Declaratory and Injunctive Relief

The Court is concerned with the issue of whether Plaintiff has standing for declaratory or injunctive relief, either individually or as a class representative. *See City of Los Angeles v. Lyons*, 461 U.S. 95,

102-103 (1983); *Armstrong v. Davis*, 275 F.3d 849, 865-66 (9th Cir. 2001). Defendant, however, has asked the Court to dismiss Plaintiff's Complaint "in its entirety." Dkt. 45 at 16. Summary judgment "shall be rendered forthwith if . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c). Defendant has failed to show that, at this time, it is entitled to judgment as a matter of law on Plaintiff's request for declaratory or injunctive relief. Moreover, the parties have not had a fair opportunity to fully brief this issue. Therefore, the Court should deny Defendant's Motion for Summary Judgment on this request for relief.

### 3.     Takings Clause

The Fifth Amendment provides that "private property [shall not] be taken for public use without just compensation." U.S. Const. amend. V. Plaintiff alleges that Defendant violated his constitutional right when Defendant took his property, the $47, without just compensation. *See above*. Defendant argues that the Court should dismiss Plaintiff's takings claim because 1) Plaintiff has failed to exhaust his state law remedies and 2) Plaintiff has not "lost" anything. Dkt. 48 at 7.

The Supreme Court has held that nothing "prohibit[s] a State from imposing reasonable fees it incurs in generating and allocating interest income." *Phillips v. Washington Legal Foundation*, 524 U.S. 156, 171 (1998). If the property owner's "net loss was zero, the compensation that is due is also zero." *Brown v. Legal Foundation of Washington*, 538 U.S. 216, 237 (2003). Plaintiff has failed to show a net "loss" on the interest of his money from the time it was taken until the time it should have been returned. Any challenge to the circumstances of the taking or return of the money are challenges to the proper procedure the State must provide under the due process clause. Therefore, the Court should grant Defendant's Motion for Summary Judgment on this issue and should dismiss Plaintiff's claim for a violation of the taking of his property without just compensation.

### 4.     Due Process

The Fourteenth Amendment provides that a State shall not "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV. The parties have concentrated on a "facial" challenge to RCW 70.48.390 and an "as applied" challenge. *See generally* dkts. 45, 46, 48. As

explained more fully below, what the parties categorize as "facial" is more appropriately a substantive due process challenge and what the parties categorize as "as applied" is more appropriately a procedural due process challenge. Although both areas of law stem from the same phrase of the Constitution, there are significant difference between them. Therefore, this opinion proceeds on the basis of Plaintiff's substantive due process challenge and Plaintiff's procedural due process challenge.

### a.    Substantive Due Process

The due process clause "cover[s] a substantive sphere [], 'barring certain government actions regardless of the fairness of the procedures used to implement them.' " *County of Sacramento v. Lewis*, 523 U.S. 833, 840 (1998). This substantive component protects an individual from "the [government's] exercise of power without any reasonable justification in the service of a legitimate governmental objective." *Id*. at 845-46. "Statutes may be invalidated on [substantive] due process grounds only under the most egregious of circumstances." *Eastern Enterprises v. Apfel*, 524 U.S. 498, 550 (1998) (Kennedy, J., concurring in the judgment and dissenting in part).

Defendant argues that the Washington legislature advanced a legitimate government objective when it passed RCW 70.48.390. Dkt. 45 at 14-16. That objective was to shift some of the financial burden of the criminal justice system from the tax payers to the individuals who are committing crimes in the community. Cooley Decl., exh. I (Washington House Bill Report). Plaintiff has failed to cite any binding federal case in support of his position that RCW 70.48.390 is "facially unconstitutional." *See* dkt. 46 at 8-10 (cites to six Washington Supreme Court decisions). While the Court will respect and may consider persuasive any Washington Supreme Court decision interpreting the federal Constitution, the Court is not bound by any such decision. Moreover, Plaintiff has failed to advance any argument against the Washington legislature's legitimate government interest for enacting RCW 70.48.390. Although it appears that the legislature may have advanced a legitimate government objective, it refrained from mandating that every governing unit develop and implement a booking fee program.

As mentioned, RCW 70.48.390 is an enabling statute in the sense that under it a government entity *may* develop and implement a booking fee procedure charging those who are arrested and booked into jail. The statute does not *require* every government entity to either charge a fee or collect a fee at the time an

arrestee is booked into jail. As such, any government entity is entitled to ignore the statute, thereby avoiding the pitfalls associated with the failure to provide adequate protection of the individual right to due process of law guaranteed by the Constitution. The costs associated with providing those protections or defending against litigation resulting from inadequate protections may far outweigh the benefits realized in shifting the tax burden of the criminal justice system by charging immediately payable booking fees for those who are arrested *and* subsequently found guilty.

In this case, while it is unclear how the policy was developed or implemented, Plaintiff was subjected to a procedure under the enabling authority of the statute. Plaintiff's first argument is that the enabling statute itself is a violation of his constitutional rights. This substantive due process question is both difficult and unresolved. Fortunately, "[w]hen [] the question [before the court] is both difficult and unresolved, I believe it wiser to adhere to the policy of avoiding the unnecessary adjudication of constitutional questions." *Lewis*, 523 U.S. at 859 (Stevens, J., concurring in the judgment). As explained below, Defendant's motion and, probably, Plaintiff's claims can be fully adjudicated based on considerations of procedural due process and the City of Fife's particular booking fee program. Therefore, the Court should adhere to the policy of avoiding the unnecessary adjudication of constitutional questions and should not express an opinion regarding the constitutionality of RCW 70.48.390 at this time.

### b.   Procedural Due Process

In 1950, the Supreme Court stated that: "Many controversies have raged about the cryptic and abstract words of the Due Process Clause but there can be no doubt that at a minimum they require that deprivation of life, liberty or property by adjudication be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Mullhane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 313 (1950). More recently, the Court has held that the " 'minimum [procedural] requirements [are] a matter of federal law.' " *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 541 (1985). The Court has set forth three factors that help trial courts determine whether an individual has received adequate procedural due process protection: (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3), the Government's interest,

including the function involved and the fiscal and administrative burdens, that the additional or substitute procedural requirement would entail. *Mathews v. Eldridge*, 424 U.S. 319, 335(1976).

Before analyzing the *Mathews* balancing test, it is important to note that Defendant's booking fee program arguably violates RCW 70.48.390. The statute states that: "if the person is not charged, is acquitted, or if all charges are dismissed, the sheriff or police chief **shall** return the fee to the person at the last known address listed in the booking records." RCW 70.48.390(emphasis added). The statute mandates that the sheriff or the police chief return the fee. Defendant, however, uses a booking fee program that required the arrestee to apply for his or her refund. *See* dkt. 24-2 ("Should you be acquitted of all charges, or in the event that no formal charges are filed against you, you **may submit a written request** to the City of Fife to have any funds received from you returned.")(emphasis added) Moreover, the refund "application" required an *"ORIGINAL* dismissal document" and "[n]o refund will be made without documented proof of dismissal of charges." Dkt. 24-5 (emphasis in original). It is highly questionable whether this refund policy complies with the mandate of RCW 70.48.390.

As for the *Mathews* balancing test, the parties have essentially conceded that Plaintiff has a valid interest in the money that was taken by Defendant. The parties dispute the two remaining factors.

### i. Risk of Erroneous Deprivation

Defendant argues that "the safeguards which protected Plaintiff's liberty **necessarily** protected the property interest he had in his $47." Dkt. 45 at 9(emphasis in original). It is uncontested that Plaintiff was arrested without a warrant and that, within 48 hours of that arrest, a neutral magistrate found that probable cause existed for that arrest. Based on the State's procedural safeguards with respect to Plaintiff's liberty, Defendant asserts that:

> Only **one new step was** added by the booking fee statute. That step amounts to nothing more than counting the booking fee and transferring it to the City until proof of dismissal. At that time, the money is promptly returned. This Court's Constitutional analysis begins and ends with this incremental step. This "new step"—counting and transferring the fees, not exceeding $100—as a matter of law, is not of Constitutional dimension. . . . Plaintiff—along with his money—could have been Constitutionally kept in jail for the duration of his prosecution based upon the finding of probable cause. Thus, he necessarily received "process" consistent with the temporary deprivation of his money. The only risk inherent to this process is that the money will be miscounted; however, this is not of Constitutional concern.

Dkt. 45 at 9 (emphasis in original). While it is true that the deprivation of liberty requires either a warrant or probable cause, that deprivation advances important government interests, one of which is public safety.

ORDER
Page - 11

1  In this case, the government interest of easing the public tax burden resulted in Plaintiff, who was never
2  convicted of the crime, being deprived of all money in his possession.  Plaintiff maintains that he was
3  forced to beg for a way to return home after being released from jail with no money.  Moreover, the
4  Defendant's procedure did not even allow an informal hearing to reduce the risk and/or result of erroneous
5  deprivation.  In fact, neither the booking officers nor the magistrate who determined that probable cause
6  existed had discretion to decide whether the fee should be assessed or, if assessed, how much was
7  immediately payable.  Defendant has failed to show that it is entitled to summary judgment as a matter of
8  law because it had adequate procedures in place to prevent the "miscounting" of Plaintiff's money.

9  Defendant's next argument is that no other circuit court has ever invalidated a booking fee statute.
10 Dkt. 45 at 10.  That is not the question before the Court.  The question before the Court is, if the City of
11 Fife decided to implement a booking fee program under RCW 70.48.390, did Fife's governing entity
12 implement proper procedures to protect constitutional rights?  Finding those procedures inadequate is not
13 a finding that the <u>statute</u> is invalid.  Due process is a flexible concept and its procedural requirements vary
14 depending upon the particular deprivation.  *See Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).  The
15 Court does not invalidate RCW 70.48.390 by declining to grant Defendant's motion for summary judgment
16 on this particular alleged deprivation.  There are material facts in issue regarding what procedures, if any,
17 have been adopted by the City of Fife and whether those procedures are constitutionally adequate.

18 Finally, Defendant asks the Court to consider other due process challenges to bail fees, IOLTA
19 accounts, and vehicle impound.  Dkt. 45 at 14.  None of these areas of the law considered such questions
20 as Plaintiff's ability to afford a bus fare or taxi home, and do not provide a dispositive answer to the
21 question presented here.  The Court is not here finding that bail or impound fees should only be assessed
22 after the determination of guilt, but only concludes that Defendant's Motion for Summary Judgment should
23 be denied on procedural due process issues.

24 **ii.    Burdens of Additional or Substitute Procedures**

25 Defendant claims that "mandating a pre-deprivation hearing would render the booking fee
26 legislation ineffectual and, in essence, shift financial accountability from criminals **back** onto the City and
27 its taxpayers."  Dkt. 45 at 16 (emphasis in original).  Defendant is mistaken in claiming that its booking fee
28 program focused solely on "criminals."  Not every person that is arrested and booked into Defendant's jail

is convicted of a crime.

The Court does not here mandate a pre-deprivation hearing. The taxpayers "paid" for Plaintiff to be stopped, investigated, arrested, transported to jail, booked, and for a subsequent determination of probable cause by a neutral magistrate. However, placing an additional burden on Defendant of *some* procedure to determine whether Plaintiff needed some of his money before being completely deprived is, at least, an open question.

Finally, Defendant has failed to show that a more arrestee-protective procedure would result in any major fiscal or administrative burden.

### iii. Procedural Due Process Conclusion

Defendant has failed to show that it is entitled to judgment as a matter of law that its booking fee procedure is not a violation of constitutional procedural due process. Accordingly, the Court should deny Defendant's Motion for Summary Judgment.

### V. ORDER

Therefore, it is hereby

**ORDERED** that the Defendant's Motion for Summary Judgment (Dkt. 45) is **GRANTED in part** and Plaintiff's alleged violation of taking of his property without just compensation is **DISMISSED**. The remainder of Defendant's Motion for Summary Judgment (Dkt. 45) is **DENIED.** Plaintiff's Motions to Strike are **DENIED in part** and **GRANTED in part** as stated herein..

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 17th day of June, 2008.

ROBERT J. BRYAN
United States District Judge